**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

The Hitching Post, Inc.,
a Minnesota corporation,

Civil No.00-1897 DWF/AJB

Plaintiff,

v.

**ORDER**

American Suzuki Motor Corporation,
a California corporation,

Defendant.

---

In a Pretrial Scheduling Order dated September 28, 2000, the Court laid out the schedule to govern this case. Therein, the Court ordered that:

> Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:
>
> a. The party bearing the burden of proof as to a particular issue shall disclose on or before December 15, 2000.
>
> b. The party responding to an issue shall disclose on or before February 1, 2001.

Defendant now asks the Court to decide which party, pursuant to MINN. STAT. § 80E.14, bears the burden to show "good cause." After considering the matter, the Court concludes that Defendant bears this burden. Therefore,

**IT IS HEREBY ORDERED THAT:**

1. Defendant shall submit Rule 26 expert information, with respect to the issue of "good cause," on or before December 15, 2000;

2. Plaintiff shall submit Rule 26 expert information, with respect to the issue of "good cause," on or before February 1, 2001.

Dated: 10/23/00

ARTHUR J. BOYLAN
United States Magistrate Judge

FILED OCT 24 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

**MEMORANDUM**

This situation requires the Court to interpret Minnesota law. Neither the Minnesota Supreme Court, nor the Minnesota Legislature, have spelled out who has the burden to show "good cause" pursuant to MINN. STAT. § 80E.14. In those situations, the Court must determine how the Minnesota Supreme Court would decide the matter. Gilstrap v. Amtrak, 998 F.2d 559, 560 (8th Cir. 1993). In so doing, the Court may consider, *inter alia*, relevant state precedent, considered dicta and "other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand." Id.

The Court concludes that the Minnesota Supreme Court would decide that Defendant has the burden to show "good cause" pursuant to MINN. STAT. § 80E.14. The Court uses several indicators to come to this conclusion. First, the Minnesota Court of Appeals, in dicta, has indicated that the manufacturer has the burden to show "good cause." Wilkens Dodge, Inc. v. Chrysler Corp., 426 N.W.2d 903, 904 (Minn. Ct. App. 1988) ("MINN. STAT. § 80E.14 prohibits a manufacturer from relocating a dealership within ten miles of an existing dealership of the same make unless Chrysler meets its burden of establishing good cause for the relocation.").

Next, the Court notes the presumption created by the statutory language. Once a dealership files an action, the manufacturer may *not* establish or relocate a proposed dealership until good cause is shown for entering the market area. It seems logical to ask the manufacturer to rebut that presumption. Moreover, it is important to note that for which good cause must be shown. The statute requires that good cause be shown for entering the existing dealership's area. It does not require good cause to be shown for *not* entering.[1] If it did, surely this would indicate

---

[1]It does not appear that it was an accident that the Minnesota Legislature left out the word "not." The annotations to MINN. STAT. § 80E.14 indicate that the first sentence of subdivision 2, when originally drafted, read "not entering." This was quickly changed during the session following the initial passage of the law. See MINN.

the legislature's intent to place the burden on the existing dealership. After all, it would be strange to ask the manufacturing to make a case for *not* entering a particular market area. By the same token, it would be strange to ask the dealership to make a case *for* entering their market area.

Lastly, it is always helpful when the legislature leaves little clues behind. In this situation, the Court was unable to locate any records from committee hearings. However, there are some documents located in the 1981-82 Senate Committee Books, which relate to the enactment of MINN. STAT. § 80E.14. For example, one document discusses the relationship of the Bill to then existing laws and regulations. This document indicates that section 14 "[e]xpands on language in SDiv 1718 (c)(1)(cc)(xiii) by spelling out [the] relevant market area and establishing criteria by which [a] *manufacturer* can demonstrate good cause for locating or relocating a franchise within relevant market area of an existing dealership." (emphasis added).

For the foregoing reasons, the Court is convinced that the Minnesota Legislature intended for the manufacturer to bear the burden to show "good cause" under MINN. STAT. § 80E.14.

---

STAT. ANN. § 80E.14.